LINDABURY, McCORMICK, ESTABROOK & COOPER, P.C.
53 Cardinal Drive
P.O. Box 2369
Westfield, New Jersey 07091
(908) 233-6800
Greg K. Vitali, Esq. - Atty Id. 026131997
Beckwith Blake Miller, Esq. - Atty Id. 299892019
Attorneys for Plaintiff

| | |
|---|---|
| UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF BREAKER ELECTRIC, INC., <br><br> Plaintiff, <br><br> v. <br><br> VALIANT GROUP, LLC, COLONIAL SURETY COMPANY, AND JOHN DOES 1-3, <br><br> Defendants. | **UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY** <br><br> Civil Action No.: <br><br><br> **COMPLAINT** |

The Plaintiff, United States of America for the use and benefit of Breaker Electric, Inc., ("Breaker Electric"), having a principal place of business at 488 Monmouth Road, Clarksburg, New Jersey, by way of Complaint against the Defendants states:

## PARTIES

1. Defendant, Valiant Group, LLC ("Valiant"), having a principal place of business located at 313 West Liberty Street, Suite 105, Lancaster, Pennsylvania 17603, is an entity engaged in the business of providing general construction services for federally funded public projects.

2. Defendants John Does 1-3 are, upon information and belief, Owners and/or Officers of Valiant, the names of whom are currently unknown.

3. Defendant, Colonial Surety Company ("Colonial Surety"), a corporation authorized to issue suretyship bonds in connection with federal and state construction projects, issued Payment Bond No. CSC-226821 in favor of Valiant as principal, and the Government for the United States of

3668481v2

America, Department of Veterans Affairs as obligee, for a Project known as the East Orange Veterans Administration Medical Center Elevator Modernization Project located at 385 East Remont Avenue, East Orange, New Jersey (hereinafter "Project").

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant 28 U.S.C. § 1331, in that this is a civil action arising under 40 U.S.C. § 3133(b)(1) (the "Miller Act") and 31 U.S.C. § 3901 *et seq.* (the "Federal Prompt Payment Act") relating to a Contract between the United States Department of Veterans Affairs ("U.S. Dept. of Veterans Affairs") and Valiant for the provision of materials and services in connection with the Project.

5. This Court has supplemental jurisdiction over the first, second, and fourth counts of this civil action pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this judicial district under 40 U.S.C. § 3133(b)(3)(B) because the Project was performed and located in East Orange, New Jersey and Colonial Surety issued a payment bond to secure payment for that work.

7. Venue is also proper under 28 U.S.C. § 1391, in that a substantial portion of the events giving rise to the claims at issue in this case took place in this judicial district.

## FIRST COUNT
*(Breach of Contract)*

8. Valiant, as general contractor, entered into a contract to provide materials and services for the Project pursuant to a contract with the U.S. Dept. of Veterans Affairs.

9. Thereafter, Valiant issued a Purchase Order to Breaker Electric pursuant to which Breaker Electric agreed to provide certain materials and services for the benefit of the Project in return for agreed upon consideration.

10. Breaker Electric, pursuant to its agreement with Valiant, supplied all materials and

services required by the Purchase Order, and as such, fully performed its part of the bargain.

11. Valiant failed and refused to remit payment to Breaker Electric for the services and materials provided, and in fact, as of the date of this Complaint, has not even paid Breaker Electric $1.00 for the materials and services provided.

12. There remains due and owing from Valiant to Breaker Electric a sum of not less than $126,900.00.

13. There are no just set-offs or credits due to Valiant against the sum due and owing.

14. This amount has been demanded by Breaker Electric from Valiant, and Valiant, without justification, refuses and continues to refuse to pay over monies rightfully due to Breaker Electric.

**WHEREFORE**, Breaker Electric, Inc. demands judgment against Valiant Group, LLC for a sum of not less than $126,900.00, together with attorneys' fees, interest, costs of suit and such other and further relief as this Court deems just and equitable.

## SECOND COUNT
*(Trust Fund Violation)*

15. Breaker Electric repeats and reallages the allegations of paragraphs 1 through 14 of the Complaint as if set forth at length herein.

16. The Project is a federally funded public project.

17. Valiant has an affirmative duty to hold any and all such monies received on the project in trust for Breaker Electric and others similarly situated.

18. In fact, the funds received by Valiant on this Project are public funds and constitute trust funds in the hands of a contractor for the benefit and payment of all laborers, materialmen, suppliers, and subcontractors.

19. Upon information and belief, Valiant breached its duty owed to Breaker Electric by converting trust funds received on this Project for uses other than to pay Breaker Electric.

20. By converting trust funds, the Owners and Officers of Valiant (John Does 1-3), are personally liable to Breaker Electric for the misappropriation of federal trust funds.

21. As a direct and proximate cause of the conversion of trust funds by Valiant and its Owners/Officers (John Does 1-3), Breaker Electric has sustained damages in an amount not less than $126,900.00.

**WHEREFORE**, Breaker Electric, Inc. demands judgment against Valiant Group, LLC and John Does 1-3, jointly and severally, for a sum of not less than $126,900.00, together with attorneys' fees, interest, costs of suit and such other and further relief as this Court deems just and equitable.

### THIRD COUNT
*(Violation of the Federal Prompt Payment Act)*

22. Breaker Electric repeats and realleges the allegations of paragraphs 1 through 21 of the Complaint as if set forth at length herein.

23. Pursuant to 31 U.S.C. § 3901 *et seq.* (the "Federal Prompt Payment Act"), Valiant is required to pay to Breaker Electric all monies received on this Project for work and services provided by Breaker Electric within seven (7) days of receipt of same from the U.S. Dept. of Veterans Affairs.

24. Pursuant to the Federal Prompt Payment Act, Valiant's failure to pay Breaker Electric monies received on this Project for work performed or materials supplied by Breaker Electric within seven (7) days of receipt of same from the U.S. Dept. of Veterans Affairs subjects Valiant to liability to Breaker Electric in an amount not less than the amount of the money owed plus interest at a rate established by the Act.

25. Valiant has received payment from the U.S. Dept. of Veterans Affairs for work performed and materials supplied by Breaker Electric, but has wrongfully and improperly withheld said payment from Valiant.

**WHEREFORE**, Breaker Electric, Inc. demands judgment against Valiant Group, LLC for a sum of not less than $126,900.00, together with attorneys' fees, interest, costs of suit and such other and further relief as this Court deems just and equitable.

## FOURTH COUNT
*(Unjust Enrichment)*

26. Breaker Electric repeats and realleges the allegations of paragraphs 1 through 25 of the Complaint as if set forth at length herein.

27. As aforementioned, Breaker Electric provided certain materials and services for the benefit of Valiant for which Valiant has not paid Breaker Electric.

28. Valiant has been unjustly enriched by receiving the benefit of the materials and services provided by Breaker Electric without paying the reasonable value for said materials and services provided.

29. The benefit received by Valiant for which it has not paid Breaker Electric is in an amount not less than $126,900.00.

**WHEREFORE**, Breaker Electric, Inc. demands judgment against Valiant Group, LLC for a sum of not less than $126,900.00, together with attorneys' fees, interest, costs of suit and such other and further relief as this Court deems just and equitable.

## FIFTH COUNT
*(Miller Act – Payment Bond Claim)*

30. Breaker Electric repeats and realleges the allegations of paragraphs 1 through 29 of the Complaint as if set forth at length herein.

31. Valiant, as aforementioned, is the general contractor on the Project.

32. Pursuant to the Miller Act, Valiant procured and provided a statutory payment bond for the Project pursuant to which Breaker Electric is an intended beneficiary.

33. Colonial Surety issued the aforementioned statutory payment bond ("Bond") on the Project for the benefit of Breaker Electric and others similarly situated.

34. Pursuant to the terms of the Bond, Colonial Surety is jointly and severally liable with Valiant to pay Breaker Electric all amounts established as due and owing for materials and services provided by Breaker Electric for this Project pursuant to its agreement with Valiant.

35. Breaker Electric filed a notice of claim with Colonial Surety seeking payment of the monies due and owing to it from Valiant, however, Colonial Surety has refused and continues to refuse to pay Breaker Electric the sums due and owing.

36. Breaker Electric has complied with all of the requirements of the Bond, and the Miller Act, and is an intended beneficiary of the bond.

**WHEREFORE**, Breaker Electric, Inc. demands judgment against Colonial Surety Company for a sum of not less than $126,900.00, together with attorneys' fees, interest, costs of suit and such other and further relief as this Court deems just and equitable.

## LOCAL CIVIL RULE 11.2 CERTIFICATION

The undersigned hereby certifies and declares that to the best of their present knowledge and information this matter in controversy is not the subject of any other action pending in any other court or of any pending arbitration or administrative proceeding.

Dated:       September 6, 2023          LINDABURY, McCORMICK, ESTABROOK
&amp; COOPER, P.C.
Attorneys for Plaintiff,
United States of America for the use and
benefit of Breaker Electric, Inc.

By: /s/ *Greg K. Vitali*
Greg K. Vitali, Esq. (# 1402)
53 Cardinal Drive
Westfield, NJ 07091
gvitali@lindabury.com
bmiller@lindabury.com