**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF BREAKER ELECTRIC, INC., <br><br> Plaintiff, <br><br> v. <br><br> VALIANT GROUP, LLC, *et al.*, <br><br> Defendants. | Civil Action No. 23-16815 (MAS) (JBD) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Defendant Valiant Group, LLC's ("Valiant") Motion to Dismiss Plaintiff Breaker Electric, Inc.'s ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure[1] 12(b)(6) or in the alternative, to Strike Plaintiff's Motion for Attorneys' Fees under Rule 12(b)(6) and Rule 12(f). (ECF No. 11.) Defendant Colonial Surety Company ("Colonial") also moved to dismiss. (ECF No. 13.) Plaintiff opposed (ECF No. 17), and Valiant and Colonial (collectively "Defendants") replied (ECF Nos. 18, 19). The Court has considered the parties' arguments and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Defendants' Motions to Dismiss are granted.[2]

---

[1] All references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

[2] Defendants move to strike Plaintiff's request for attorneys' fees "in the event that this Court does not dismiss the claims against" them. (ECF Nos. 11-1, 13-1.) Because the Court grants Defendants' Motions to Dismiss, their alternative Motions to Strike are denied as moot.

I.  **BACKGROUND**

At its core, this case concerns a payment dispute between a general contractor and a subcontractor. Valiant is a Pennsylvania-based LLC "engaged in the business of providing general construction services for federally funded public projects." (Compl. ¶ 1, ECF No. 1.) Colonial is "a corporation authorized to issue suretyship bonds in connection with federal and state construction projects[.]" (*Id.* ¶ 3.) Plaintiff is a New Jersey-based subcontractor. (*Id.* at 1.)

Valiant allegedly entered into a contract with the United States Department of Veterans Affairs to serve as the general contractor for "the East Orange Veterans Administration Medical Center Elevator Modernization Project" (the "Project"). (*Id.* ¶¶ 3, 8.) Colonial later issued a payment bond to cover the contract. (*Id.* ¶ 3.) Plaintiff alleges that Valiant then "issued a Purchase Order to [Plaintiff] pursuant to which [Plaintiff] agreed to provide certain materials and services for the benefit of the Project[.]" (*Id.* ¶ 9.) Plaintiff further alleges that it "supplied all materials and services required by the Purchase Order," but Valiant later refused to remit payment for the services provided. (*Id.* ¶¶ 10-11.) According to Plaintiff, Valiant owes Plaintiff "a sum of not less than $126,900.00." (*Id.* ¶ 12.)

On September 6, 2023, Plaintiff commenced this action. (*See generally id.*) The Complaint includes five counts: (1) Breach of Contract ("Count One"); (2) Trust Fund Violation ("Count Two"); (3) Violation of the Prompt Payment Act, 31 U.S.C. §§ 3901-07 ("Count Three"); (4) Unjust Enrichment ("Count Four"); and (5) a Payment Bond Claim[3] under the Miller Act, 40 U.S.C. § 3133(b)(1) ("Count Five"). (*See id.* ¶¶ 4, 8-36.) On October 5, 2023, Valiant moved to dismiss Counts One through Four and to strike Plaintiff's demand for attorney's fees. (Valiant Mot.

---

[3] Plaintiff's payment bond claim under Count Five is pled against Colonial. (Compl. ¶¶ 30-36.) The remaining Counts (Counts One through Four) are directed to Valiant. (*Id.* ¶¶ 8-29.)

Dismiss, ECF No. 11.) The next day, Colonial joined the Motion to Dismiss with respect to Count Five. (Colonial Mot. Dismiss, ECF No. 13.) Plaintiff opposed both Motions (Pl.'s Opp'n Br., ECF No. 17), and Defendants replied (Valiant Reply, ECF No. 18; Colonial Reply, ECF No. 19).

## II.    **LEGAL STANDARD**

A district court conducts a three-part analysis when considering a motion to dismiss under Rule 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must identify "the elements a plaintiff must plead to state a claim[.]" *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court must identify all of the plaintiff's well-pleaded factual allegations, accept them as true, and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court can discard bare legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed the plaintiff. *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Third, the court must determine whether "the [well-pleaded] facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

## III.   **DISCUSSION**

Plaintiff asserts both federal and state causes of action in the Complaint. (*See generally* Compl.) Plaintiff's Prompt Payment Act and Miller Act claims arise under federal law, while the remaining claims arise under state law. (*Id.*) Because this Court's pendent jurisdiction over the

state law claims depends on the plausibility of the federal claims, the Court turns to the federal claims first. *Shaffer v. Bd. of Sch. Dirs.*, 730 F.2d 910, 912 (3d Cir. 1984) (holding that "pendent jurisdiction should be declined where the federal claims are no longer viable, 'absent extraordinary circumstances'") (quoting *Tully v. Mott Supermarkets, Inc.*, 540 F.2d 187, 196 (3d Cir. 1976)).

### A.    Federal Claims

#### i.    *Prompt Payment Act*

Under Count Three, Plaintiff alleges that Valiant violated the Prompt Payment Act, 31 U.S.C. §§ 3901-07, because it was required to pay "for [the] work performed or materials supplied by Plaintiff within seven (7) days of receipt" of payment from the U.S. [Department] of Veterans Affairs. (Compl. ¶¶ 4, 22-25.) Plaintiff asserts that Valiant has wrongfully and improperly withheld remuneration for such services, despite the fact that Valiant "received payment from the U.S. Department of Veterans Affairs" for the work performed and materials supplied by Plaintiff. (*Id.* ¶ 25.)

The Prompt Payment Act was enacted "to provide the federal government with an incentive to pay government contractors on time by requiring agencies to pay penalties . . . on certain overdue bills . . . [and] was later amended to include provisions applicable to subcontractors." *Anthony Allega Cement Contractor, Inc. v. Johnson Controls Fed. Sys./Versar, LLC*, No. 18-875, 2019 WL 1792201, at *8 (D. Del. Apr. 24, 2019) (citation omitted). The Act requires federally awarded contracts to "include a clause that requires the prime contractor to include in each subcontract for property or services. . . . a payment clause which obligates the prime contractor to pay the subcontractor for satisfactory performance under its subcontract within 7 days[.]" 31 U.S.C. § 3905(b)(1). Absent from the Act, however, are "any explicit provisions for subcontractor enforcement if the prime contractor fails to make timely payment." *Anthony Allega Cement*, 2019

WL 1792201, at *8 (citation omitted). This is because the Act "merely requires that the prime contractor's contract with the subcontractor include the specified payment clause. [It] does not require the prime contractor to actually make payments to the subcontractor[.]" *In re KI Liquidation, Inc.*, No. 05-60002, 2008 WL 5109369, at *6 (D.N.J. Dec. 1, 2008). The Act, therefore, does not "give subcontractors an additional cause of action for an alleged breach by a general contractor of a subcontract." *In re Thomas*, 255 B.R. 648, 654 (Bankr. D.N.J. 2000).

Accordingly, this Court finds the Prompt Payment Act does *not* create a private cause of action for a subcontractor to sue a prime contractor for breaching the subcontract's payment clause.[4] Count Three is therefore dismissed with prejudice.

### ii. Miller Act

Plaintiff's remaining federal cause of action under Count Five seeks to recover against Colonial under the Miller Act. (Compl. ¶¶ 30-36.) Plaintiff alleges that Colonial issued a statutory payment bond on the Project and as such, Colonial "is jointly and severally liable with Valiant to pay [Plaintiff] [for] all amounts established as due . . . pursuant to [Colonial's] agreement with Valiant." (*Id.* ¶¶ 33-34.)

The Miller Act "allows persons furnishing labor or material in furtherance of a contract for the construction, alteration[,] or repair of a public building of the United States to bring suit for the unpaid amount or balance due under the contract." *United States v. Fid. & Deposit Co. of Md.*,

---

[4] Indeed, district courts appear unanimous in concluding that the Prompt Payment Act does not give subcontractors an additional cause of action for an alleged breach by a general contractor of a subcontract. *See, e.g., Lighting Retrofit Int'l, LLC v. Constellation NewEnergy, Inc.*, 586 F. Supp. 3d 452, 465 (D. Md. 2022); *United States ex rel. IES Com., Inc. v. Cont'l Ins. Co.*, 814 F. Supp. 2d 1, 3 (D.D.C. 2011); *United States ex rel. King Mountain Gravel, LLC v. RB Constructors, LLC*, 556 F. Supp. 2d 1250, 1252-53 (D. Colo. 2008); *United States v. Tyler Constr. Grp.*, No. 14-778, 2016 WL 5716354, at *5 (E.D.N.C. Sept. 30, 2016); *Northcon, Inc. v. Alpha Energy & Elec. Inc.*, No. 18-994, 2020 WL 1527162, at *6 (W.D. Mo. Mar. 30, 2020); *Max Foote Constr. Co. v. MWH Constructors, Inc.*, No.18-2584, 2018 WL 5297744, at *6 (E.D. La. Oct. 25, 2018).

999 F. Supp. 734, 741 (D.N.J. 1998) (citing 40 U.S.C. § 3133(b)); *see also W. Sur. Co. v. Hudson Ins. Co.*, No. 16-3675, 2017 WL 1380413, at *3 (D.N.J. Apr. 10, 2017) ("Under the Miller Act, a public works contractor has the right to sue for any unpaid amount due under the contract."). "Actions under the Miller Act must be brought in the name of the United States for the use of the person suing." *Fid. & Deposit Co. of Md.*, 999 F. Supp. at 741 (citing 40 U.S.C. § 3133(b)). "Courts should 'liberally construe' the Miller Act to effectuate Congressional intent to provide security to persons contributing labor and material to public works projects." *Id.* (citations omitted).

To establish a prima facie Miller Act claim, a material supplier must adequately allege that: "(1) the materials were supplied in prosecution of the work provided for in the contract; (2) the materialman has not been paid; (3) the materialman had a good faith belief that the materials were intended for the specified work; and (4) the jurisdictional requisites were met." *Id.* (citations omitted). "[T]he Miller Act's aim of protecting those whose labor and materials are used in federal government projects 'does not include payments to which the supplier's underlying contract does not entitle him.'" *Id.* at 748 (citation omitted). As such, a subcontractor "may not bring a Miller Act claim . . . unless it shows that it is justly entitled to sums left outstanding under its [p]urchase [o]rder with [the prime contractor]." *Id.* at 747.

Here, Plaintiff fails to state a prima facie Miller Act claim. First, Plaintiff has not adequately alleged that "the materials were supplied in prosecution of the work provided for in the contract." *Id.* Plaintiff has not included any facts as to what materials it provided, what work it was hired to do, whether it fully performed on the contract, what the contract provides, nor has Plaintiff affixed

a copy of the contract to the complaint.[5] *See Barker v. Our Lady of Mount Carmel Sch.*, No. 12-4308, 2016 WL 4571388, at *15 (D.N.J. Sept. 1, 2016) ("To the extent that [p]laintiffs allege that [d]efendants breached some unspecified agreement, their claim fails. They have not identified what contract or contractual provision [d]efendants allegedly breached."). Instead, Plaintiff states, in conclusory fashion, that "Valiant issued a Purchase Order to [Plaintiff] pursuant to which [Plaintiff] agreed to provide certain materials and services for the benefit of the Project in return for agreed upon consideration." (Compl. ¶ 9.) This kind of vague and bare legal conclusion is not sufficient to sustain Plaintiff's Miller Act claim. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

Plaintiff also fails to satisfy factors three and four of its prima facie claim. Plaintiff has not adequately alleged that it had "a good faith belief that the materials were intended for the specified work[,]" nor has Plaintiff demonstrated that it meets the "jurisdictional requisites" of the Miller Act. *Fid. & Deposit Co. of Md.*, 999 F. Supp. at 741. Notably, a Miller Act claim "must be brought no later than one year after the day on which the last of the labor was performed or material was supplied by the person bringing the action." 40 U.S.C. § 3133(b)(4). The Complaint does not indicate when Plaintiff finished work (*see generally* Compl.), and it is not clear at this juncture

---

[5] In determining a motion to dismiss pursuant to Rule 12(b)(6), the court generally "may not consider matters extraneous to the pleadings. . . . [A]n exception to the general rule is that a document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (alteration in original) (internal quotation marks and citations omitted).

whether Plaintiff's Miller Act claim is jurisdictionally sound. Plaintiff has thus failed to state a claim under the Miller Act, and the Court dismisses Count Five without prejudice.[6]

**B.    State Law Claims**

Having dismissed Plaintiff's federal law claims—the sole claims over which the Court has original jurisdiction—the Court must decide whether to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.[7] In cases where a district court has original jurisdiction, the court also has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy[.]" 28 U.S.C. § 1367(a). But when the Court has dismissed all claims over which it has original jurisdiction, it is well settled that the Court may decline to exercise supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367(c)(3). *Haqq v. Warren Cnty. Corr. Ctr.*, No. 21-17202, 2022 WL 2473440, at *2 (D.N.J. July 6, 2022).

"[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995) (emphasis added) (citations omitted). This is a high bar: "if it appears that all federal claims are subject to dismissal, the court should not exercise jurisdiction over remaining claims unless 'extraordinary

---

[6] In the event Plaintiff chooses to file an Amended Complaint, it must take care to outline and affix the relevant contract(s) under which it was hired to do work, the materials it provided to the Project, whether it fully performed on the contract, whether it had a good faith belief that the materials were intended for the specified work, and whether it meets the jurisdictional requisites for a Miller Act claim. *See Fid. & Deposit Co. of Md.*, 999 F. Supp. at 741.

[7] The Complaint alleges that this Court has original jurisdiction over the Prompt Payment Act and Miller Act claims pursuant to 28 U.S.C. § 1331 (Compl. ¶ 4), and supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367 (*id.* ¶ 5).

circumstances' exist." *City of Pittsburgh Comm'n on Hum. Rels. v. Key Bank USA*, 163 F. App'x 163, 166 (3d Cir. 2006). "'[S]ubstantial time devoted to the case' and 'expense incurred by the parties' d[o] not constitute extraordinary circumstances." *Id.*

No extraordinary circumstances exist favoring the exercise of supplemental jurisdiction. This case "is in the earliest stages of litigation and there have been no substantive decisions affecting the claims or positions of the parties." *Vasquez v. Walmart*, No. 20-693, 2020 WL 5747883, at *4 (D.N.J. Sept. 25, 2020). As for convenience and fairness, "[t]here is no indication that this matter cannot proceed elsewhere or that it would be inconvenient to do so." *Tuorto v. Harenberg*, No. 18-12179, 2019 WL 1924856, at *6 (D.N.J. Apr. 30, 2019). In short, the remaining claims pled in the Complaint arise under state law, so this matter may proceed in state court. The Court, therefore, declines to retain supplemental jurisdiction over Plaintiff's state law claims and dismisses Counts One, Two, and Four without prejudice.[8]

---

[8] The Court notes briefly that the docket does not reflect whether there is complete diversity among the parties to invoke this Court's diversity jurisdiction. *Rose v. Bohn*, No. 20-13446, 2022 WL 60679, at *7 (D.N.J. Jan. 6, 2022) (noting it is the plaintiff's burden to establish diversity jurisdiction and that the case belongs in federal court). Plaintiff is a New Jersey-based subcontractor. (Compl. 1.) Valiant is a Pennsylvania-based LLC. Colonial is a corporation, but it is not clear where it is incorporated or principally does business. (*Id.* ¶ 1.) For the purposes of diversity jurisdiction, a corporation is "a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A review of pertinent case law appears to show that Colonial's principal place of business is in New Jersey. *See Reid v. Telentos Constr. Corp.*, No. 15-2358, 2020 WL 6152494, at *2 (E.D.N.Y. Oct. 20, 2020) ("Defendant . . . Colonial is an insurance and bond company incorporated in Pennsylvania and *has its principal place of business in New Jersey*.") (emphasis added). To the extent that there may be diversity, however, Plaintiff may provide this necessary information by way of an Amended Complaint.

IV.    **CONCLUSION**

For the reasons stated above, the Court grants Defendants' Motions to Dismiss. An Order consistent with this Memorandum Opinion will be entered.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE